ing they discovered anything in the condition of the undersurface of the street, under which they were to work, that would render it dangerous, they apparently had the material at hand with which to protect themselves, and were directed to do so by the foreman who was not present at the time. It may be that in putting one of the jacks in place the plaintiff and his fellow workmen disturbed the surface above and precipitated the material upon themselves. In these circumstances, we think the court also erred in refusing to instruct the jury, as requested by counsel for the defendant, that, if the plaintiff's injuries were received through the negligence of a fellow servant, there could be no recovery. The jurors may have been of the opinion, as we are, that there was no negligence on the part of the defendant, but that one of plaintiff's fellow employés was guilty of negligence, and, upon that theory, have rendered the verdict.

The court also erred in instructing the jury as matter of law "that the plaintiff did not take upon himself the risks of an unsafe place in which to work," and that the only risks he assumed were those "incident to the work he had to do after the place in which he was to do that work was made safe or reasonably safe." The only risks which an employé now assumes as matter of law are those to which the learned court referred in these instructions to the jury (section 3, Employer's Liability Act), but the learned court overlooked the other provision of the employer's liability act, which is somewhat obscure, but has been construed as meaning that whether or not the employé assumed other risks is a question of fact to be determined by the jury. Kiernan v. Eidlitz, 115 App. Div. 141, 101 N. Y. Supp. 731; Cadigan v. Glens Falls Co., 112 App. Div. 754, 98 N. Y. Supp. 954.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.

---

### REICH v. IRONCLAD MFG. CO.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

1. MASTER AND SERVANT—PERSONAL INJURIES—CONTRIBUTORY NEGLIGENCE.

Whether a servant was guilty of contributory negligence in continuing to use a buzzsaw after he knew that it wobbled *held* a question for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1089–1132.]

2. SAME—ADMISSIBILITY OF EVIDENCE—NEGLIGENCE OF MASTER.

In an action by a servant for injuries inflicted by a wobbling buzzsaw, testimony of one who left defendant's employ four days before the accident that the machinery was out of repair three weeks before he left was admissible, especially where it was shown that the condition continued down to the time of the accident.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 916.]

Appeal from Trial Term, Kings County.

Action by Otto Reich against the Ironclad Manufacturing Company. From a judgment for plaintiff and an order refusing a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

Abram I. Elkus (Carlisle J. Gleason and Lester J. Callan, on the brief), for appellant.

Herbert C. Smyth (Charles C. Sanders, on the brief), for respondent.

WOODWARD, J. The plaintiff in this action lost a portion of one of his hands while operating a buzzsaw, known as a "ripper." There was evidence from which the jury might properly have found that the defendant was negligent in furnishing a saw which was not in a proper state of repair, or, rather, that the machinery operating such saw was not in a fit condition, by reason of a lack of proper bolts, to hold the boxes in position, permitting the saw, operated at a high rate of speed, to wobble. The plaintiff, a man with only a limited experience in operating this saw, received the injury complained of, and the principal contention on the part of the defendant, on this appeal, is that the plaintiff was guilty of contributory negligence. The evidence warranted the jury in finding that the defective condition of the saw and machinery had been called to the attention of the defendant's principal foreman, and that the latter had promised to have the same repaired, and this, it is conceded, operated to continue the liability of the master for a failure to provide reasonably safe machinery and appliances.

But it is insisted on the part of the defendant that the plaintiff knowing the tendency of the saw to wobble, and having continued to operate the same after he knew that it was wobbling, he was guilty of contributory negligence as a matter of law. We are of opinion, however, that the evidence presented a case for the jury. The plaintiff had operated the saw on two previous days when it was wobbling; and, while he testified that he had stopped its use on the day before because he thought it dangerous, his experience had not been such as to convince him that, in the exercise of proper care, he might not continue to operate the same with safety, and the facts and circumstances were such that the jury might find that, while he knew of the defect in the machinery, he was in the exercise of that degree of care which was demanded by the known conditions, and that the accident was not due to any negligence on his part. The mere fact that work is dangerous is not a reason why it may not be performed without negligence. It is undoubtedly dangerous to operate a buzzsaw under the best possible circumstances. A saw revolving at the rate of 3,000 revolutions a minute does not show its full size, and there are many things that may operate to make it dangerous. When that saw is out of order, or the machinery is loose, the risk is increased, but it may be that the danger is not so entirely obvious as to make it contributory negligence for the employé to continue to operate the same temporarily, while the master is given time to make the machinery safe, and in the case now before us the jury were justified in finding that the situation did not require the plaintiff to refuse to work. He knew that there was danger, but he had not assumed the risk of the master's negligence, and, if he used

the degree of care which the known imperfect condition of the machinery seemed to demand, he was not chargeable as a matter of law with contributory negligence. The man who preceded the plaintiff in operating this saw testified that the machinery had been out of repair for some time; that he had made temporary repairs and had operated the machine when the saw wobbled, and the plaintiff having himself operated the saw when it wobbled on previous days, without having any experience which justified him in concluding that it could not be operated safely with care, it was for the jury to determine from the evidence whether he had used the degree of care which the special circumstances required, and we think the evidence is sufficient to warrant the verdict.

We do not think it was error to admit the evidence of Hummel, who had previously operated the saw, that the machinery was out of repair three weeks before he left, he having left the employ of the defendant some four days before the accident, and especially where it was shown that the condition continued down to the time of the accident. This is the only exception urged on the admission of evidence, and the case does not present reversible error.

The judgment and order appealed from should be affirmed, with costs. All concur.